UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ASHLEY WYKOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO: 4:22-cv-13 |
| | ) |
| CARPE DEUM LLC, d/b/a | ) |
| IGA OF VEVAY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Ashley Wykoff ("Wykoff"), by counsel, against Defendant, Carpe Deum, LLC d/b/a IGA of Vevay, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq.*

### II. PARTIES

2. Wykoff is a resident of the United States and the State of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined 42 U.S.C. §2000e(b).

6. At all times relevant to this action, Wykoff was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Wykoff exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Wykoff was hired by the Defendant on or around August 17, 2020 and worked as the Store Manager.

10. At all times relevant, Wykoff met or exceeded Defendant's legitimate performance expectations.

11. Wykoff reported directly to Eric Rabe, Owner ("Rabe").

12. While employed, on or about December 23, 2020, Wykoff received a message from Patricia Padgett, the mother of then 17-year-old cashier Brooke Asher ("Asher"). Ms. Padgett reported to Wykoff that another employee, Travis Gover ("Gover"), was grooming her daughter and acting in a sexually inappropriate manner which made Asher very uncomfortable. Wykoff reported this to Rabe – thus, she

engaged in a protected activity. Rabe denied that Gover did anything wrong and Gover was not, upon information and belief, disciplined, nor was any investigation conducted.

13. On or about January 2, 2021, Asher reported to Wykoff that Gover's harassment continued. Wykoff again reported this to Rabe, and Rabe was dismissive and upon information and belief, did not issue discipline or conduct any investigation.

14. On January 20, 2021, Wykoff received a call from Asher, during which Asher was screaming at Gover to leave her alone. Gover had followed Asher to the BP gas station and approached her. Later that day, Wykoff spoke to Ms. Padgett after Ms. Padgett and her daughter had a temporary protective order entered against Gover. Ms. Padgett informed Wykoff that Asher would be at work that day and wanted to be sure that she was safe.

15. Later, Rabe entered the store after a confrontation with Ms. Padgett in the parking lot. While in the office, Rabe told Wykoff to "get the fuck out of the store" and told her she was fired. Rabe instructed her to turn in her badge and keys, which she did immediately.

16. The reason given for termination is pretext for retaliation for Wykoff having engaged in a protected activity when she reported Asher's complaints of sexual harassment. Upon information and belief, Gover remains employed despite Asher's allegations.

17. Further, this was not the first time that sexual harassment allegations had been made against Gover – Wykoff had informed Rabe of complaints by at least two other female employees and he did nothing to rectify the situation.

## V. LEGAL ALLEGATIONS

### COUNT I – RETALIATION

18. Paragraphs one (1) through seventeen (17) of Wykoff's Complaint are hereby incorporated.

19. Defendant violated Wykoff's rights by retaliating against her for engaging in a protected activity.

20. Defendant's actions were intentional, willful and in reckless disregard of Wykoff's rights as protected by Title VII.

21. Wykoff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Ashley Wykoff, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

          Respectfully submitted

          /s/ Lauren E. Berger
          Lauren E. Berger, Atty. No. 29826-19
          BIESECKER DUTKANYCH & MACER, LLC
          411 Main Street
          Evansville, IN 47708
          Telephone:  (812) 424-1000
          Facsimile:   (812) 424-1005
          Email:        lberger@bdlegal.com

*Attorneys for Plaintiff, Ashley Wykoff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ashley Wykoff, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

                              Respectfully submitted,

                              /s/ Lauren E. Berger
                              Lauren E. Berger, Atty. No. 29826-19
                              BIESECKER DUTKANYCH & MACER, LLC
                              411 Main Street
                              Evansville, IN 47708
                              Telephone:   (812) 424-1000
                              Facsimile:    (812) 424-1005
                              Email:         lberger@bdlegal.com

*Attorneys for Plaintiff, Ashley Wykoff*